**IN THE UNITED STATE DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**GREGORY HOLT, ADC # 129616**
**a/k/a ABDUL MAALIK MUHAMMAD** **PLAINTIFF**

**VS.** **CASE NO. 4:25-CV-00699-LPR-JJV**

**DEXTER PAYNE, Director, Arkansas**
**Division of Correction, in his official capacity** **DEFENDANT**

**ANSWER**

Comes now Defendant Dexter Payne, in his official capacity as Director of the Arkansas Division of Correction ("ADC"), by and through his attorneys, Attorney General Tim Griffin and Senior Assistant Attorney General Carl F. "Trey" Cooper, III, and for his Answer to Plaintiff's Verified Complaint, states:

1. ADC denies the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. ADC states that *Holt v. Hobbs*, 574 U.S. 352 (2015) speaks for itself. ADC denies the remaining allegations in paragraph 2 of Plaintiff's Complaint.

3. ADC states *Holt v. Payne*, Case No. 4:22-cv-00553-JM-PSH speaks for itself. ADC denies the remaining allegations in paragraph 3 of Plaintiff's Complaint.

4. ADC denies the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. ADC denies the allegations contained in paragraph 5 of Plaintiff's Complaint.

6. ADC denies the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. ADC denies the allegations contained in paragraph 7 of Plaintiff's Complaint

8. Paragraph 8 of Plaintiff's Complaint does not appear to contain allegations that require a response from ADC. To the extent paragraph 8 of Plaintiff's Complaint does contain allegations against ADC, the allegations are denied.

9. ADC states that 28 U.S.C. § 1331 and § 1343(a)(3)-(4) speak for themselves. ADC denies the remaining allegations in paragraph 9 of Plaintiff's Complaint.

10. ADC admits the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. ADC admits the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. ADC admits that Plaintiff entered custody of ADC on June 10, 2010. ADC admits that Plaintiff is currently in the custody of the Federal Bureau of Prisons and is being housed at the United States Penitentiary, Hazelton in Bruceton Mills, West Virginia. ADC denies the remaining allegations contained in paragraph 12 of Plaintiff's Complaint.

13. ADC admits that Dexter Payne is the Director of the Arkansas Division of Correction. ADC states that Ark. Code Ann. § 12-27-107 and § 12-27-103 speak for themselves. ADC admits that Plaintiff was transferred to a federal facility at Plaintiff's request. ADC denies the remaining allegations contained in paragraph 13 of Plaintiff's Complaint.

14. ADC admits that Plaintiff is a frequent litigator. ADC states the cases listed in paragraph 14 of Plaintiff's Complaint speak for themselves. ADC denies the remaining allegations contained in paragraph 14 of Plaintiff's Complaint.

15. ADC states the docket in *Holt v. Payne*, Case No. 4:22-cv-01132-KGB (E.D. Ark.) speaks for itself. ADC denies the remaining allegations contained in paragraph 15 of Plaintiff's Complaint.

16. ADC admits that Plaintiff attended the mediation on May 8, 2025. ADC admits that Director Payne attended the mediation on May 8, 2025. ADC admits that Deputy Warden Maurice Culclager attended the mediation on May 8, 2025. ADC admits that Plaintiff and his counsel sat in a different room than Defendants and their counsel at the mediation. ADC denies the remaining allegations contained in paragraph 16 of Plaintiff's Complaint.

17. ADC admits that Plaintiff raised the possibility of a transfer to federal prison. ADC states the correspondence referenced in paragraph 17 speaks for itself. ADC denies the remaining allegations contained in paragraph 17 of Plaintiff's Complaint.

18. ADC admits that Deputy Director William Straughn attended the mediation on May 12, 2025. ADC admits the mediation on May 12, 2025, was successful. ADC states the term sheet from the mediation speaks for itself. ADC denies the remaining allegations contained in paragraph 18 of Plaintiff's Complaint.

19. ADC denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. ADC admits that a transfer request was initiated after Plaintiff requested to be transferred at the May 8 mediation. ADC denies the remaining allegations contained in paragraph 20 of Plaintiff's Complaint.

21. ADC admits that upon learning the Federal Bureau of Prisons accepted Plaintiff's transfer, Plaintiff's counsel was informed, on June 3, 2025, that Plaintiff's requested transfer was accepted. ADC denies the remaining allegations contained in paragraph 21 of Plaintiff's Complaint.

22. ADC states that the emails between counsel for Plaintiff and counsel for ADC speak for themselves. ADC denies the remaining allegations contained in paragraph 22 of Plaintiff's Complaint.

23. ADC states that the emails between counsel for Plaintiff and counsel for ADC speak for themselves. ADC denies the remaining allegations contained in paragraph 23 of Plaintiff's Complaint.

24. ADC states that the emails between counsel for Plaintiff and counsel for ADC speak for themselves. ADC denies the remaining allegations contained in paragraph 24 of Plaintiff's Complaint.

25. ADC denies that Plaintiff first learned he was being transferred on June 5, 2025. ADC admits that Plaintiff was instructed to box up his cell. ADC denies the remaining allegations contained in paragraph 25 of Plaintiff's Complaint.

26. ADC denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. ADC denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. ADC lacks sufficient knowledge to admit or deny what Plaintiff interpreted and understood, and therefore, the allegations in paragraph 28 of Plaintiff's Complaint are denied.

29. ADC denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30. ADC state the declaration of Director Payne referenced in paragraph 30 speaks for itself. ADC denies the remaining allegations contained in paragraph 30 of Plaintiff's Complaint.

31. ADC state the declaration of Director Payne referenced in paragraph 31 speaks for itself. ADC denies the remaining allegations contained in paragraph 31 of Plaintiff's Complaint.

32. ADC admits the allegations contained in paragraph 32 of Plaintiff's Complaint.

33. ADC admits that Plaintiff was transferred shortly after midnight on Monday, June 9, 2025. ADC denies the remaining allegations contained in paragraph 33 of Plaintiff's Complaint.

34. ADC admits that Plaintiff was not allowed to take his 11 boxes of legal papers with him when he was transferred. ADC admits that arrangements are being made with Plaintiff's counsel for them to pick up the boxes of Plaintiff's papers. ADC denies the remaining allegations contained in paragraph 34 of Plaintiff's Complaint.

35. ADC lacks sufficient knowledge to admit or deny the allegations contained in paragraph 35 of Plaintiff's Complaint, and therefore, denies the same.

36. ADC states the report referenced in paragraph 36 of Plaintiff's Complaint speaks for itself. ADC denies the remaining allegations contained in paragraph 36 of Plaintiff's Complaint.

37. ADC lacks sufficient knowledge to admit or deny the allegations contained in paragraph 37 of Plaintiff's Complaint, and therefore, denies the same.

38. ADC lacks sufficient knowledge to admit or deny the allegations contained in paragraph 38 of Plaintiff's Complaint, and therefore, denies the same.

39. ADC states that Ark. Code Ann. § 12-49-102 and the Interstate Corrections Compact speak for themselves. ADC denies the remaining allegations contained in paragraph 39 of Plaintiff's Complaint.

40. ADC states the online searches referenced in paragraph 40 of Plaintiff's Complaint speak for themselves. ADC denies the remaining allegations contained in paragraph 40 of Plaintiff's Complaint.

41. ADC states that ADC Policy speaks for itself. ADC denies the remaining allegations contained in paragraph 41 of Plaintiff's Complaint.

42. ADC states that Plaintiff's classification at ADC speaks for itself. ADC admits that Plaintiff had access to a tablet at ADC. ADC denies the remaining allegations contained in paragraph 42 of Plaintiff's Complaint.

43. ADC lacks sufficient knowledge to admit or deny the allegations contained in paragraph 43 of Plaintiff's Complaint, and therefore, denies the same.


44. ADC lacks sufficient knowledge to admit or deny the allegations contained in paragraph 44 of Plaintiff's Complaint, and therefore, denies the same.

45. ADC lacks sufficient knowledge to admit or deny the allegations contained in paragraph 45 of Plaintiff's Complaint, and therefore, denies the same.

46. ADC lacks sufficient knowledge to admit or deny the allegations contained in paragraph 46 of Plaintiff's Complaint, and therefore, denies the same.

47. ADC lacks sufficient knowledge to admit or deny the allegations contained in paragraph 47 of Plaintiff's Complaint, and therefore, denies the same.

48. ADC lacks sufficient knowledge to admit or deny the allegations contained in paragraph 48 of Plaintiff's Complaint, and therefore, denies the same.

49. ADC lacks sufficient knowledge to admit or deny the allegations contained in paragraph 49 of Plaintiff's Complaint, and therefore, denies the same.

50. ADC lacks sufficient knowledge to admit or deny the allegations contained in paragraph 50 of Plaintiff's Complaint, and therefore, denies the same.

51. ADC denies that any deposition was scheduled in the "STTG Case". ADC denies that Plaintiff missed a hearing before the Arkansas State Claims Commission. ADC admits that it has no intention of requesting that Plaintiff be transferred back to Arkansas. ADC denies any remaining allegations contained in paragraph 51 of Plaintiff's Complaint.

52. ADC lacks sufficient knowledge to admit or deny the allegations contained in paragraph 52 of Plaintiff's Complaint, and therefore, denies the same.

53. ADC denies that Plaintiff has a right to act as a "jailhouse lawyer". ADC lacks sufficient knowledge regarding the remaining allegations in paragraph 53 of Plaintiff's Complaint, and therefore, denies the same.

54. ADC lacks sufficient knowledge to admit or deny the allegations contained in paragraph 54 of Plaintiff's Complaint, and therefore, denies the same.

55. ADC lacks sufficient knowledge to admit or deny the allegations contained in paragraph 55 of Plaintiff's Complaint, and therefore, denies the same.

56. ADC denies the allegations contained in paragraph 56 of Plaintiff's Complaint.

57. ADC denies the allegations contained in paragraph 57 of Plaintiff's Complaint.

58. Paragraph 58 of Plaintiff's Complaint does not contain factual allegations that require a response from ADC. To the extent paragraph 58 does contain allegations that require a response from ADC, the allegations are denied.

59. ADC states that 28 U.S.C. § 1983 speaks for itself. ADC denies the remaining allegations contained in paragraph 59 of Plaintiff's Complaint.

60. ADC states that the First Amendment to the United States Constitution speaks for itself. ADC denies the remaining allegations contained in paragraph 60 of Plaintiff's Complaint.

61. ADC states that the First Amendment and Fourteenth Amendment to the United States Constitution speaks for themselves. ADC denies the remaining allegations contained in paragraph 61 of Plaintiff's Complaint.

62. ADC admits that prison officials cannot retaliate against inmates for exercising their First Amendment right to access the courts. ADC denies the remaining allegations contained in paragraph 62 of Plaintiff's Complaint.

63. ADC denies the allegations contained in paragraph 63 of Plaintiff's Complaint.

64. ADC admits that Plaintiff was transferred only after he requested to be transferred. ADC denies the remaining allegations contained in paragraph 64 of Plaintiff's Complaint.

65. ADC denies the allegations contained in paragraph 65 of Plaintiff's Complaint.

66. ADC denies the allegations contained in paragraph 66 of Plaintiff's Complaint.

67. ADC states the docket in Plaintiff's other cases speaks for itself. ADC denies any remaining allegations contained in paragraph 67 of Plaintiff's Complaint.

68. ADC denies the allegations contained in paragraph 68 of Plaintiff's Complaint.

69. ADC denies the allegations contained in paragraph 69 of Plaintiff's Complaint.

70. ADC denies the allegations contained in paragraph 70 of Plaintiff's Complaint.

71. ADC denies the allegations contained in paragraph 71 of Plaintiff's Complaint.

72. ADC denies the allegations contained in paragraph 72 of Plaintiff's Complaint.

73. ADC admits that it has the power to request Plaintiff be transferred back to Arkansas. ADC denies the remaining allegations contained in paragraph 73 of Plaintiff's Complaint.

74. Paragraph 74 of Plaintiff's Complaint does not contain factual allegations that require a response from ADC. To the extent paragraph 74 does contain allegations that require a response from ADC, the allegations are denied.

75. ADC denies each and every allegation contained in Plaintiff's Complaint not specifically admitted herein and demand strict proof thereof.

76. ADC denies that Plaintiff is entitled to any relief sought in his "Prayer for Relief."

77. Affirmatively pleading, Plaintiff has failed to exhaust available administrative remedies against ADC as required by the Prison Litigation Reform Act.

78. Affirmatively pleading, ADC is entitled to sovereign immunity against all claims asserted it against it in its official capacity.

79. ADC asserts all applicable affirmative defenses under Federal or State law, including but not limited to Fed. R. Civ. P. 8(c).

80. ADC asserts the following affirmative defenses:

   a. Failure to exhaust administrative remedies;

   b. Sovereign and qualified immunity;

   c. Non-compliance with the Prison Litigation Reform Act;

   d. Absence of physical injury;

   e. Failure to state a claim upon which relief can be granted;

   f. Issue or claim preclusion;

   g. Statute of limitations;

   h. Lack of jurisdiction;

   i. No liability under respondeat superior;

   j. Failure to mitigate damages;

   k. Punitive damages prohibited by the U.S. and Arkansas Constitutions;

   l. Lack of standing;

   m. Justification;

   n. Waiver; and

   o. Failure to join an indispensable party.

81. ADC reserves the right to file an amended answer or any other appropriate pleading and to allege any additional defenses available to them.

WHEREFORE, Defendant Dexter Payne, in his official capacity as Director of the Arkansas Division of Correction prays that Plaintiff's Complaint be dismissed and for all other just and proper relief.

Respectfully submitted,

TIM GRIFFIN
Attorney General

Carl F. "Trey" Cooper, III
Ark Bar No. 2007294
Senior Assistant Attorney General
Bob R. Brooks Jr. Justice Building
Office of the Arkansas Attorney General
101 West Capitol Avenue
Little Rock, AR 72201
Phone:  (501) 682-3658
Fax:     (501) 682-2591
Email:  trey.cooper@arkansasag.gov

*Attorneys for Defendant*